﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 191127-53170
DATE: February 27, 2020

ORDER

Entitlement to VA survivor pension is denied.

FINDING OF FACT

The appellant did not provide adequate information to demonstrate her net worth.

CONCLUSION OF LAW

The criteria for entitlement to VA survivor pension have not been met. 38 U.S.C. § 1522; 38 C.F.R. §§ 3.23, 3.274, 3.275, 3.276

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board decision on appeal was issued in September 2019. In November 2019, the appellant elected direct review under the modernized review system, indicating that she did not want a Board hearing and would not submit any additional evidence in support of the appeal. 38 C.F.R. § 19.2(d).

Entitlement to VA survivor pension 

Basic entitlement to pension exists if, among other things, the claimant’s income is not in excess of the maximum annual pension rate (MAPR) specified in 38 C.F.R. § 3.23. 38 U.S.C. § 1541; 38 C.F.R. § 3.3(a)(3). The MAPR shall be reduced by the amount of the countable annual income of the surviving spouse. 38 U.S.C. §§ 1503, 1521; 38 C.F.R. §§ 3.3, 3.23(b). Additionally, the appellant must meet the net worth requirements found in 38 C.F.R. § 3.274. See 38 U.S.C. §§ 1543; 38 C.F.R. §§ 3.3(a), 3.23, 3.274. Net worth means the sum of a claimant's or beneficiary's assets and annual income. Under 38 C.F.R. § 3.275 (a)(1), assets mean the fair market value of all property an individual owns, including all real and personal property, unless excluded. The appellant’s primary residence is not included as part of the value of his assets. See 38 C.F.R. § 3.275 (b)(1).

(Continued on the next page)

 

The Board finds that the appellant did not provide adequate information to demonstrate her net worth. In an April 2019 Application for Survivors Pension, the appellant left blank portions of the application form which requested information on her assets to include her primary residence. An August 2019 notice letter informed the appellant that additional evidence was needed to decide the claim and she was asked about her primary residence and its value. Notice was mailed to the appellant’s current address of record. The appellant did not submit the requested evidence prior issuance of the September 2019 decision on appeal. Because the appellant failed to submit evidence needed to decide the claim, the Board finds that the denial of entitlement to survivor’s pension was proper.

The appellant contends in an October 2019 statement that she did not receive the August 2019 notice letter until just after the denial of pension benefits in September 2019 and she submitted additional evidence on the issue. This evidence, however, was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The appellant may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Christine C. Kung

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.